SCANNED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

U.S. DISTRICT COURT
PORTLAND, MAINE
RECEIVED AND FILED

2012 FEB 13 P 1:34

DEPUTY CLERK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **No.** 2:12-mj-36-JHR |
| **v.** | ) | **42 U.S.C. § 408(a)(7)(B)** |
| **JESSICA BARTLETT** | ) | |

**CRIMINAL COMPLAINT**

I, Julie Constant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**COUNT ONE**
**(Social Security Fraud)**

On about August 25, 2010, in the District of Maine, defendant

**JESSICA BARTLETT**

for the purpose of securing employment with Employer A, knowingly, and with the intent to deceive, falsely represented on a Form I-9, Employment Eligibility Verification, that the social security number assigned by the Commissioner of Social Security to her was xxx-xx-4012, when in fact, as defendant well knew, social security number xxx-xx-4012 was not assigned to her.

In violation of Title 42, United States Code, Section 408(a)(7)(B).

**COUNT TWO**
**(Social Security Fraud)**

On about October 4, 2010, in the District of Maine, defendant

**JESSICA BARTLETT**

for the purpose of securing an automobile loan, knowingly, and with the intent to deceive, falsely represented on a Multi-State Credit Acceptance Application, that the social security number assigned by the Commissioner of Social Security to her was xxx-xx-4012, when in fact, as defendant well knew, social security number xxx-xx-4012 was not assigned to her.

In violation of Title 42, United States Code, Section 408(a)(7)(B).

This Complaint is based on those facts which are set forth in my affidavit of February 13, 2012, which is attached hereto and incorporated herein by reference.

Julie Constant
Special Agent, SSA-OIG

Sworn to before me, and subscribed in my presence this 13th day of February, 2012.

John H. Rich III
United States Magistrate Judge

**AFFIDAVIT OF JULIE CONSTANT**

I, Julie Constant, am a Special Agent with the Social Security Administration, Office of Inspector General (SSA-OIG) and I swear that the facts set forth below are true. I make this affidavit in support of the issuance of a criminal complaint charging Jessica Bartlett with two counts of the offense of Social Security Fraud, in violation of 42 United States Code, Section 408(a)(7)(B). Because this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather I have set forth only those facts that relate to the issue of whether probable cause exists that Bartlett committed the above-mentioned offenses. In addition, where I assert that a statement or observation was made, I did not personally hear the statement or make the observation unless specifically so stated. Instead, the information was provided by a witness or another law enforcement officer, either verbally or in writing, who had direct or indirect knowledge of the statement or observation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

I have been a Special Agent with SSA-OIG for approximately 20 years. I am presently assigned to the Manchester, New Hampshire Field Office. My duties include investigating allegations of fraud amongst programs that are funded by the Social Security Administration.

1. In connection with this investigation, I have reviewed Social Security Administration records related to Jessica Bartlett and her minor son, B.B. From these records, I observed the following:

a. On June 14, 1984, the Social Security Administration issued Jessica Bartlett, a/k/a Jessica Boisvert, year of birth 1983, a social security number ending in 8738.

b. On August 27, 2007, the Social Security Administration issued B.B., year of birth 2007, a social security number ending in 4012.

2. According to records maintained by the Maine Department of Health and Human Services (MDHHS), Bartlett has been receiving welfare assistance since September 10, 2001, under her assigned social security number ending in 8738. Bartlett added her son, B.B., to her welfare benefit case on August 29, 2007. Based on the information provided by Bartlett, MDHHS recorded B.B.'s social security number as ending in 4012.

3. In about December 2011, agents obtained Jessica Bartlett's employment records from Employer A, located in Freeport, Maine. In summary and in part, the records show that from the time of her hire on about August 25, 2010, through her termination on about February 12, 2011, Bartlett utilized B.B.'s social security number ending in 4012 on all forms/documents related to her employment at Employer A. Specifically, on the Form I-9, Employment Eligibility Verification form dated August 25, 2010, Bartlett listed B.B.'s social security number ending in 4012. Bartlett signed this form under a warning stating, "I am aware that federal law provides for imprisonment and/or fines for false statements or use of false documents in connection with the completion of this form." Bartlett also used B.B.'s social security number on the Federal W-4 form, which is also dated August 25, 2010.

4. A 2010 W-2 statement from Employer A shows that Bartlett, earned $1,526.22 utilizing B.B.'s social security number ending in 4012. Additional payroll records from Employer A show that in 2011, Bartlett earned $221.28 utilizing B.B.'s social security number ending in 4012.

5. According to MDHHS records, Bartlett never disclosed to MDHHS that she worked and received income from Employer A.

6. Based on my training and experience and the training and experience of other agents participating in this investigation, I know that when state agencies verify income to determine benefit eligibility, they commonly rely on accurate self-reports or query Maine Department of Labor records through use of the adult benefit recipient's social security number. I therefore believe that utilization of a different social security number is a way to both earn wages and receive state welfare benefits with less risk that that unreported income will come to the attention of the state agencies administering the benefits.

7. On or about October 4, 2010, Jessica Bartlett signed a Multi-State Credit Acceptance Application associated with the purchase of a 2007 Dodge Grand Caravan from Car Dealer A, located in Lewiston, Maine. Although the loan application contains Bartlett's name and date of birth, the social security number reported on the loan application belongs to B.B.

8. As a result of the loan application, Bartlett secured a loan in the amount of $13,810.30 that allowed her to purchase the 2007 Dodge Caravan.

9. On or about February 2011, the 2007 Dodge Grand Caravan was the subject of a repossession action by the Credit Acceptance Corporation.

10. According to a "Notice of Disposition of Repossessed Vehicle" dated March 8, 2011, the 2007 Dodge Grand Caravan was sold at auction on February 23, 2011. The proceeds of the sale were credited to Bartlett's outstanding debt. However, there remains an obligation of approximately $7,819.35.

11. Based on information set forth herein above, there is probable cause to believe that Jessica Bartlett has committed Social Security Fraud, in violation of Title 42, United States Code, Section 408(a)(7)(B).

Dated at Portland, Maine, this 13th day of February, 2012.

Julie Constant
Special Agent, SSA-OIG

Subscribed and sworn to before me at Portland, Maine, this 13th day of February 2012.

John H. Rich III
United States Magistrate Judge